NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INOCENCIO DE JESUS-MORALES, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   21-70218 <br><br> Agency No. A208-308-341 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2023[**]
Pasadena, California

Before:  SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

Petitioner Inocencio De Jesus-Morales, a native and citizen of Mexico, challenges the Board of Immigration Appeals' (BIA) denial of his application for cancellation of removal and relief under the Convention Against Torture (CAT). He further argues that the Immigration Judge (IJ) lacked subject matter jurisdiction

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

because the initial notice to appear issued did not include the time or date of his hearing. We dismiss his petition in part and deny it in part.[1]

1. Petitioner's argument that the IJ lacked subject matter jurisdiction is foreclosed by our recent decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022) (en banc) (holding 8 C.F.R § 1003.14(a) is "a claim-processing rule not implicating the [immigration] court's adjudicatory authority"), *cert. denied*, No. 22-6281, 2023 WL 350056 (Jan. 23, 2023). To the extent Petitioner's brief can be construed as raising a due process challenge, we lack jurisdiction to consider that argument because it was not properly exhausted before the agency. *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam).

2. Nor did the BIA err in finding petitioner was ineligible for CAT relief. Substantial evidence supports the IJ and BIA's findings that petitioner had failed to show that it is more likely than not that he would be tortured by or with the acquiescence of a government official if removed to Mexico. *See Lalayan v.*

---

[1] We do not consider any contention that the BIA erred in denying petitioner voluntary departure because it is waived. This claim is supported only by one sentence of argument in the opening brief with no citations to the record. "We review only issues which are argued specifically and distinctly in a party's opening brief." *California v. Azar*, 911 F.3d 558, 573 n.1 (9th Cir. 2018) (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)). Petitioner also waived a challenge to the agency's denial of his asylum and withholding of removal claims by failing to raise them in his opening brief on appeal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013).

*Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

3. We also lack jurisdiction to reach petitioner's argument that the IJ and BIA erred by denying cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ concluded that even if the petitioner qualified for cancellation under the statute, the record did not support cancellation as a matter of discretion. The BIA agreed. "This court lacks jurisdiction to review the merits of a discretionary decision to deny cancellation of removal, but it does have jurisdiction to review whether the IJ considered relevant evidence in making this decision." *Szonyi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir. 2019). Petitioner does not identify any error in the agency's evaluation of the evidence in denying relief as a matter of discretion.

**DISMISSED in part and DENIED in part.**[2]

---

[2] Petitioner's motion to take judicial notice (Dkt. 17-1) is DENIED as moot.